That's the last bit of praise you'll have this year. Me, or him, or them? No, I was looking at them. They understood it to be them. I just want to make that clear. Okay. All right, we'll move on to the first case. MirzaV.InsuranceAdministrator. Mr. Major. Yes, Dr. Neville. May it please the Court. My name is Matthew Major, and I'm from the Calagay Law Firm in Paramus, New Jersey. And I'm here on behalf of the Plaintiff Appellant, Dr. Neville Mirza, on assignment of NG. I would like to reserve three minutes for rebuttal. Yes, sir. If that's okay. Thank you. Before I begin into the substance of my argument, I would like to ask the Court if there's any factual allegations or contentions contained within the brief that Your Honors would prefer some clarification on. I know, but I do have an interest in what notice Dr. Mirza had, and I understand that he perhaps through counsel received the notice through a phone call and perhaps through a former client had noticed via a copy of the plan. Could you comment on those two events? Certainly, Judge. A notice seemed to be the turning point for the District Court in deciding not to go into the analysis of equitable tolling. And at the District Court level, the notice that Judge Bump had found was, in this case that Mirza had, was accomplished through two ways. There was oral notice through a telephone conversation that occurred, if I recall correctly, November 23, 2010. Now, is that issue in dispute, or does he concede that he received notice via a phone conversation? The issue is in dispute, Your Honor. And if I may, it's because of the confusing facts, and I know a lot of the cases we cited are a little bit clearer, actually, opposing counsel and I were discussing it, the unique facts in this case. The Callagy Law Firm represented Dr. Mirza. The Callagy Law Firm also represented another medical provider, Spine Orthopedics. Both medical providers provided services to patient NG around the same time. I believe it was April 15, 2010. The November 23 conversation that the District Court held supplied Dr. Mirza with notice in this case of the one-year statute of limitations. Excuse me. You said that the District Court held. Is that what you meant? I'm sorry, Your Honor. You said the conversation. I think you said that the District Court held. Is that what you meant? The District Court held that the November 23 conversation. She didn't hold the conversation. I apologize, Your Honor. The District Court found that the conversation on November 23 between the Callagy Law Firm and a representative of the defendants of IAA, Insurance Administrators of America, was notice to Mirza. However, the substance of that conversation was related to Spine Orthopedics, a different medical provider, notwithstanding the fact that the actual contents of the conversation were also disputed between the parties at the summary judgment stage. It really doesn't matter who got the notice. The point is, was there a conversation that relayed the one-year time within which to file a civil action? And you're saying that the Callagy Law Firm didn't receive it in any case. Well, what I'm saying is twofold, Your Honor. First, the Eprite case, which we cited in our opening brief, lended to the notion that just because an attorney of a claimant, or a medical provider in this case, receives notice of the plan's contractual statute of limitation, in no way excuses the IAA or the other defendant plan administrators from still providing adequate notice under the Department of Labor's regulations. Does our court hold that notice to a lawyer is not necessarily, or is not a notice to another party? That's what the Eprite court seemed to suggest. What about Maldonado? I'm not familiar with that case, Your Honor. I wrote it. You should be. I apologize. Because it's directly on point. In the terms of whether or not a lawyer can be the agent of two different clients. You don't know that case? I apologize, Your Honor. It's a Third Circuit case, and you're in the Third Circuit. And if the court would permit me to submit a one-page supplement immediately after our argument, I would do so. But be that as it may, the oral notice is a two-fold argument in this case, because in the Ebert case from this circuit, the court looked at the statute, which was a Title VII case. It looked at the statute to determine what type of notice was sufficient. And in a Title VII context, the sufficient notice in that case, because the statute doesn't specifically say that notice has to be provided in writing, or orally, or electronically, the court said oral notice in that case was sufficient. If I understand your argument, is it that regardless of notice via the plan, regardless of notice via a telephone conversation, there has to be specific written notice to the claimant? That's correct. Is that your argument? That is the central bare bones of the argument. The Department of Labor regulations mandates that a planned administrator provide notice to a claimant or the beneficiary following an adverse benefits determination of the claims review procedures. Now, where the cases differentiate across the circuits is what that encompasses. Does that encompass just a notification of the internal appeals process, the administrative review process, or does it also encompass a notice of a shortened contractual statute of limitations period? A one-year period. Where do the circuits stand on that? Well, the circuits are split. And we primarily relied upon the Novick case, which is a second circuit, which is a Southern District of New York case that was issued, the opinion was issued in 2011. And in that case, the Southern District of New York was dealing with a six-month statute of limitations. Now, no one in that case argued that the six-month limit was unreasonable. That was argued in the district court in this case, but it's not the issue on appeal. But in that case, the court looked to six factors of whether or not the planned administrator was required under the Department of Labor regulations to provide notice. And the first thing they looked at, which was upheld by a Fifth Circuit case, Ortega. It is required to give notice, but the question is, what is it required to give notice of? It's required to give notice of the contractual statute of limitations. Does it say that in language? It doesn't. It's ambiguous. You mean NOVA's ambiguous? No, the Department of Labor regulation is ambiguous. So what is it about NOVA that we should follow? Well, NOVA looked at the language of that statute, of that regulation, I apologize, and said, well, here you have the word including, which is in the Department of Regulation. And I'll read it for your honors. It says that, and these, again, are the minimum standards the Department of Regulation publishes. The plan is able to go beyond the minimum standards. It says that following an adverse benefits determination, they have to provide a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under Section 502A of the Act following. And it's your argument that bringing a civil action encompasses the time in which to bring it? Yes. It's our argument that that subsection of the regulation includes a requirement that the plan administrators provide notice of the statute of limitations. And one of the primary reasons that the NOVA court relied on was because there is no statute of limitations within the ERISA statute. The ERISA statute leaves the statute of limitations to the discretion of plan administrators. By default, it becomes the state statute of limitations for a related breach of contract action. And what is that in New Jersey? In New Jersey, Your Honor, that is a six-year statute of limitations. So decreasing it from six years to one year, as in this case, in NOVA it was six months. But, again, there's no argument that they were unreasonable at that time. But decreasing it, the NOVA court felt that the plan administrators were acting as, and I'm quoting it, the gatekeepers of that enforcement. They were laying behind the log. And when it came necessary to put forth a statute of limitations defense in this case, instead of providing the claimant or claimant's beneficiary with proper notice in writing, they shouldn't be allowed to use that shortened statute of limitations period. The notice is part of the benefits plan, isn't it? It's included in the benefits. It is included. It is included, and in this case it was a 91-page summary plan description with attachments that made it around 131 pages. And it is buried in there. And practically speaking, and I brought it up in my reply brief, that best-case scenario, a patient would walk into a medical provider's office with their summary plan description in hand, and if a medical provider had the time to look through the 130-plus page document, he would be able to find... Well, the medical provider has a lawyer who can do that. Medical providers don't often hire lawyers right away. They try to get it done themselves. Well, this medical provider did, right? Not at first, Your Honor. When was your firm hired? That was a question at the district court level. Well, I'm asking it now here. It was sometime after the final determination letter, the fourth denial, that I've classified as the fourth denial, so sometime after August 12, 2010 and before the filing of the complaint. Nothing in the record locks that date down, but the district court found that it was somewhere within that time frame. Well, with a lawyer, why shouldn't he have the time, MRSA had the time to file the suit within the year? Why didn't he file it? Well, often, as the case may be, the plan administrators do not provide a copy of the plan right away, even though they're obligated to on daily basis. Is that what happened here? That is what happened here. With respect to Dr. MRSA, the plan was never provided on behalf of Dr. MRSA. It was provided, as the district court recognized in all candidness, it was provided in relation to spine orthopedics at a later date. I believe it was April 11, 2011. So almost, trying to do my math right here, almost six months after the fact, seven months after the fact, with respect to a completely different medical provider, the plan was provided. Now, a lot of these actions are being brought up. I know this is not in the record, but a lot of the actions currently pending before the district court. If you think that's not in the record, you might as well stop. Certainly. The fact of the matter is Dr. MRSA never received a copy of the plan and Dr. MRSA's lawyers, in representing Dr. MRSA, never received a copy of the plan until the motion to dismiss stage at the district court level. Isn't that irrelevant from your standpoint? I mean, I presume you're arguing actual notice isn't enough, so whether they did or they didn't isn't key, right? Isn't that beside the point for you? I'm sorry, can you clarify that? You just said MRSA didn't receive the entire plan until a later date, right? MRSA's lawyers, representing another medical provider, didn't receive the plan until a later date, that's correct. Right. So the problem and the reason why that is important is because the district court held that that was another way that Dr. MRSA had received notice, in this case the plan statute limitation. That's right, but from your standpoint, I mean, you're arguing that that kind of notice isn't sufficient anyway. That kind of notice, if the plan was provided to a claimant or the claimant's lawyers in another sense of the word, that would be. And I think other cases have kind of glossed over that, but that doesn't excuse the defendants from still requiring or still complying with the Department of Labor regulation that they have to provide. Now, there was a case that we cited, and the name escapes me right now, but there was a case that we cited in our brief that a plan administrator provided a final benefits determination letter with reference to the plan description, the summary plan description, and said the statute of limitations period can be found on pages 36 to 37, and the courts have held that that is sufficient in this case. You're not claiming that they didn't give Dr. MRSA an adequate description of the reason they were denying. Is that right? I didn't see that in your brief. That's the basis of the underlying claim, which was dismissed, but on appeal here it's that they didn't provide notice. You're correct. Let me ask you this question. Apparently how we interpret this provision is very important to your case. So the regulation requires that when the plan administrator sends out a benefit denial letter, that it include a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring civil action. That's the same provision that you write a short while ago. That's correct. But a plan's review procedures sounds to me like administrative proceedings and the time limits applicable to those administrative proceedings, whereas that's distinct from the civil action. Maybe you could explain that to me. And you're coming back on rebuttal, and so we'll give you time to think about that. Sure, certainly. And I can explain that to you. In the NOMA court. Why don't you do that on rebuttal so we can get over to you. Thank you, Your Honors. Thank you. Get over to Mr. Oversett. Oh, I couldn't see him. Good morning, Your Honors. Good morning. May it please the Court, Mark Oversett of the law firm of Archer & Greiner, on behalf of Insurance Administrator of America and the Challenge Printing Company of the Carolinas. I would like to start where the district court started, which is on the issue of actual notice. What did the plaintiff, in this case, Dr. Merza, actually know? Did the district court make a factual finding on that? Did she have a hearing? She did not hold a hearing, Your Honor. But what she did do, and this is important procedurally, is that this issue was first raised on a motion to dismiss. The parties appeared twice on the motion to dismiss, and at the second hearing, Judge Bum converted the matter into one for summary judgment and gave the parties time to go back, gather whatever evidence they wanted to submit into the record, and then she heard the matter on summary judgment. Dr. Merza had the opportunity. It wound up being seven weeks from the time that Judge Bum converted the matter until the time that they filed their brief to submit whatever evidence they wanted to submit to the record. And why that is important is on the issue of equitable tolling, which is what they are requesting this court to do, to equitably toll the statute of limitations. They have the burden of proof. They are required to come forth not only with evidence of what they knew and what they didn't know, what caused them to file late, I believe that was a question Your Honor asked, and they came back with no evidence. Well, tell me something. This is a small law firm, I gather. I looked at the number of names, Calgary is relatively small with these giants that we have now. Now, suppose Dr. Merza had been represented by a great big law firm and they have a lot of associates and they want to give them work, so they gave one associate, Dr. Merza, and the other associate, Spine. Would information given to the Spine lawyer necessarily impute to the lawyer who is representing Dr. Merza? The answer, I believe, Your Honor, would be yes, and let me explain why. In this case, both Dr. Merza and Spine stand in the shoes of the plan participant, who goes by NG in this case. They stand no different or no better than the facts for NG, and so when NG's lawyers, whether it was an associate who works in a different floor than another associate was given that information, NG was given that information as well through his lawyers. And so when NG comes back now through Dr. Merza, they stand in no different positions. So not only do you have the imputation of the law firm itself, but you have the imputation of the plan participant in whose shoes these particular medical providers stand. Do you think the Bar Association would accept that as part of the rules of ethics for its lawyers, that they have to know the clients of all the other lawyers in that firm? And these firms are enormous now. I don't pretend to know what the Bar Association would accept, Your Honor, but that's why I brought it back to the issue of standing in the shoes of the plan participant, because I believe the law is clear in that regard, that they do get imputed that information. So that means, according to your argument, you'd impute almost any information that should be transmitted to NG, right? So whether it's timely notice or any other important fact, you would impute to NG if it was at one point either orally or in written form or electronic form transmitted to either of the lawyers in this instance. Yes. But what makes this case specifically important on the issue of notice is that they were given the opportunity to put into the record whatever evidence NG had, whatever evidence Dr. Mirza had, or whatever evidence the lawyers had, and they presented no affidavits, no sworn statements, from anybody that would indicate that they did not have a copy of the plan, that they didn't have notice, and then why they filed this complaint late. Talk about a copy of the plan, which I understand to exceed 131 pages. Maybe not exceed, but at least 131 pages. And the notice is buried somewhere in that 130-some pages, probably very small, very small type. Do you really expect notice to be received in a document of that type, as opposed to simply saying we deny your benefits, by the way, you have one year to file a claim? I do expect it, Your Honor, and I would say in this case in particular, there has been no evidence presented that anyone was confused or misled or didn't understand or was unaware of the provision. What you would expect at summary judgment, if someone is seeking to effortably told the statute of limitations, and if they're going to argue that this provision was buried in a document and I was unaware of it, is you would put in that evidence. But no one from the Calgary Law Firm, no one from Dr. Mirza's office presented that evidence to the district court. Let me accept your argument as valid. Nonetheless, what about Section 2560 and whether that section requires explicit notice when there is a denial sent to the claimant? I'd be happy to. Your Honor read the language a few minutes ago. What the majority of the courts that have looked at this have said is that this provision applies to the plan's own administrative review procedures when it speaks about setting forth time limits. Majority of appellate courts? No. It's very rarely been in front of an appellate court where an appellate court has actually reviewed the language of the provision itself. Appellate courts have addressed this issue, haven't they? There have been some, but the majority of them that were cited in the briefs have not actually addressed the language itself. How about this language in the Third Circuit? Not just any appellate court. It's going back to the issue we were talking about. Generally, however, this is from a 1985 case. Generally, however, an attorney's representation of a party in one action does not make the attorney an agent for the party in an unrelated case between the same parties. Citing a Seventh Circuit case. And that certainly exists and that's why... Doesn't that apply to you? Isn't your whole argument that notice given to Calgary, who was an agent for Dr. Mirza, acting as the agent for Spine? Is that the name? Spine? I might say that case is Maldonado. And it is a Third Circuit case. And we know who the author is. And we know who wrote it. And I am familiar with the case, Your Honor. And I would say that the unique circumstances... You can't even put it in your brief. And that's correct. And the reason is because this case has that extra element to it, which is that both Dr. Mirza and Spine stand in the shoes of the planned participant, which is even right on the front of their briefs. The Calgary firm is representing these particular providers in the shoes of the planned participant. And so it takes it out of the direct holding, I believe, of Maldonado to get back to the issue of how do you interpret this provision. A civil action is created by Congress. It's created in ERISA. It's not a plan procedure. It is not a plan review procedure. The Himes-Hoff case, which is the one that went to the United States Supreme Court out of the Second Circuit, where the Supreme Court held that contractual statute limitations are enforceable in ERISA plans, below dealt with this very issue at the district court level and was later affirmed by the Second Circuit, interpreting it, we believe, correctly to say that the requirement to put a time limit in a denial notice only applies to the plan's administrative procedures. It does not apply to a civil action. And the reason I think this is important, and what none of the cases that any of the parties here have cited, is think of the practical issues that you have to deal with here. These letters, these denial notices, are put together by non-lawyers. They are being sent to non-lawyers most commonly, whether it be plan participants or private. But isn't that the point? If they're being sent to non-lawyers, you want to be as specific as possible, and putting in one year wouldn't be a detriment to anyone. This case is a lot simpler. If you look at it and you say, well, in this case, the statute of limitations begins to run from the last denial. It's what the statute says in the plan. But that's not the language of all plans. And, in fact, Himeshoff is a great example, where the cause of action actually begins to accrue before the last denial. Now, are we going to ask non-lawyers, and are we going to say that the Department of Labor made a decision that non-lawyers are going to give legal advice to plan participants as to how to interpret these provisions? I'm sorry, I'm not following you. What if you didn't have lawyers in the case? I mean, you just have a claimant who's denied a benefit, and you don't have the issue that we've been discussing with Judge Floger involving implied or expressed knowledge. You just had an ordinary lay claimant who filed for a claim and was denied. Isn't that person entitled to this notice that you have one year to file a claim? Not under the regulation. You would expect that person to have a copy of the 130-page plan and find out in there somewhere that you have a year to get to a court of law? Yes. In fact, the law says that plan participants are deemed to have constructive knowledge of the terms that are in their plan. This is a relatively short period, isn't it? I mean, I understand that there's no requirement for a period, apparently, that a plan administrator has to give for a legal action. You can have three years. You could have two years. But this one is one year, which is on the short side of things. That being the case, shouldn't we interpret that so as to allow a claimant to have access to the civil courts, which could only happen if you provide notice of the time within which to file a legal claim? Well, I don't think you can read the regulation to say that we're only going to require this deal to put the time limit into the denial notice if we determine that the time that you've given is too short or is on the shorter side. The regulation very clearly, in our view, only applies to the plan's administrative procedures. And, in fact, this court- The regulation says review procedures, including claimant's right to bring a civil action. Correct. So doesn't the language of this provision, in a sense, put review procedures and civil actions in the same ballpark? It does not. And the reason I say that is this court and many other courts have made a very clear distinction between review procedures and civil actions. The case that comes most to mind is the Houndman Hospital case. But isn't the question really, how do you excise the including a statement of the claimant's right to bring a civil action language? I mean, I understand your position and it would make sense to me if we only had the clause preceding including. Once you include the rest of the sentence, it seems to me your interpretation becomes problematic. I would agree that they could have done a better job of writing this regulation. I think that's why we have courts on both sides of this issue that have written opinions that interpret it both ways. And I think it would have been clearer if they had made the including- If I had written it, I didn't. So tell me what including means. Because including refers to what the notice needs to include, not that the time limit needs to be included for a civil action. Because a civil action- So I only need to be told, you got a civil action. Now, let's say the time limit was 90 days, you'd say, oh, we told him there was a civil action. You know, the fact that it was 90 days is not relevant. But under Himeshoff, the Supreme Court would say that the 90 days is probably too short. They say that one year is sufficient. That's what the Supreme Court told us in Himeshoff. Okay, great. But that still doesn't take care of this issue, right? Well, it does take care of the issue of notice because you're not required under the regulation to state what the time limit is for a civil action. It's very clear that the time limit provision only applies to a plans review procedure. And so what a court ultimately would do with a statute of limitations that it deems to be too short or if a claimant would come in and present evidence that they didn't actually know that there was a time limit, that they give reason as to why they didn't file on time, but that's not the claim that we have here. It sounds like it could be read two different ways. And if that's the case, don't we interpret the provision in a manner so as to benefit the plan participants? The answer in this case is yes. I'm not sure. I don't know the answer. I'll cut my head. I think that's the rule. I mean, it's a remedial provision, and so you do interpret it for the benefit of the plan participants. That's what Congress says, that they do it, that this whole thing, ERISA, is for the plan participant. There's no question that ERISA is for the benefit of plan participants and also the orderly administration of plan benefits and to bring order to what had been a very unruly process. What do you want us to do? I'm not sure I understand. Suppose we think Judge Blum may not have gotten it right. What is your suggestion as to what our next step should be? I know you're the appellant, so assume that we know what appellant means by now. I think it would depend on the issue that you found she got it wrong. For example, if you find that in the first instance she made a mistake that there was actual notice, okay, despite the lack of evidence being presented. Without holding a hearing. Correct. Then the remedy would be to send it back on that issue to determine if, in fact, there was actual notice and give the plaintiff, in effect, another chance to present a case, which they didn't do to the district court. What's the support for the notion, not whether there was or there wasn't actual notice, but the fact that actual notice should be disposed of? There's the IV services decision, which comes out of the First Circuit, and then that was picked up by a case called Veltri out of the Second Circuit in 2004, both of which are cited in the brief. And they both hold the fact that actual notice trumps any deficiency in the form of notice that you get back, and they actually hold, Veltri even holds, that it is the plaintiff's burden when they're seeking equitable tolling to come in and prove they didn't have a copy of the plan. And here, of course, the plaintiff presented no evidence to that effect. Okay. Mr. Armisen, thank you very much. Thank you very much, Your Honor. I appreciate it. Mr. Major. Rebuttal. Getting back to your prior question. Civil review procedures are administrative as opposed to civil actions, which are legal actions. And that was something that the Nova Court had contemplated, was in addition to the language of including, which Your Honor has correctly indicated that it should be construed in favor of a plaintiff. Don't assume our questions are what we indicated. Just they're questions. Certainly. The other factor that the Nova Court looked at was where in the plan and under what section the review procedures were. And in the Nova Court, it was under a category titled Claim Review and Appeal Procedures. So in that case, the plan had lumped the administrative review process and the judicial review process in one big category. And the Nova Court said, well, because they did that, they intended for that to be under one general category. So civil action was discussed in that section? In that section in Nova Court. And in this case, the administrative procedure, the administrative review period, and the judicial statute of limitations, the one-year statute of limitations, was under a category titled Claims Procedure. And that appears at 154 of the record. Let's assume for a moment that you are right about the requirement for a one-year notice and you didn't get the one-year notice. What are the options then? I understand that you addressed an equitable, you presented an equitable argument in the district court, equitable tolling. Certainly, Your Honor. And also you addressed whether you have six years to file a claim now. Certainly, Your Honor. And the courts have gone both ways with that. And either way, it would result in the complaint being decided. It would be timely either way. It would be timely either way. And we straight-sided a number of cases that have analyzed the issue. The Syed case, which is a Third Circuit case that says they would just not enforce the contractual time limits. The Veltri case, which is a Second Circuit case. How can we not enforce the time limits? Excuse me? How can we not enforce the time limits? Well, the courts looked at the fundamental purpose of ERISA, which is for the benefit of the plan participant. So when a plan administrator shortens a six-year statute of limitations in this case to one year and doesn't provide adequate notice to a plan participant or its beneficiary, they're using it as a defense. And as we cited, the language that some courts have used is laying behind the log. That's why the courts have, for the benefit of plan participants, the courts have set aside those contractual statute of limitations. The last thing I would like to mention, to your honors, is that the Department of Labor's regulations, as I said earlier, are the minimum requirements. In this case, the plan went a little bit beyond the minimum requirements by stating that it would provide the claimant, the plan participant, with a statement describing the judicial review process. In the fourth denial that IAA had provided, there was nothing describing any of the judicial review procedures. It was just a general right-to-sue clause. And that is something that the district court also overlooked. We did raise an additional argument once it was brought up in opposition, was the fact that IAA, who issued the adverse benefits determination letter, was not even the plan administrator under ERISA. And if you look through the plan, through the 130-page document, the definitions and how this all ties together are scattered throughout the plan. And it would be impossible, nearly impossible, for an innocent plan participant to go through and to determine what procedures it is supposed to follow and what time limits are applicable. For instance, plan administrator is defined as the plan sponsor at page 167 of the record. Plan sponsor appears 50 pages before that in the plan. And then the claims processor is defined in more than five or six places. And the time limits are scattered between pages A73 of the record, A76 of the record, A154, and A155. I just have one question about what you're talking about. The time limits for regarding the procedure, the review procedures, are they in the same section as the time limits for civil actions? My understanding is yes, Your Honor, they are. Okay. I don't have it. I don't have that. That's right. Okay. Mr. Major, thank you very much. Thank you for your time. Thank you both for your arguments. We'll take the case under advisement.